UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-cr-00067-TBR-2

UNITED STATES OF AMERICA                                         PLAINTIFF

v.

ASHLEY GLOVER                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Ashley Glover's ("Glover") Motion for Temporary Release. [DN 45]. The government has responded. [DN 49]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Glover's Motion for Temporary Release [DN 45] is **DENIED**.

**I. Background**

Glover was indicted on December 17, 2019 on one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. [DN 1]. She was arrested on January 13, 2020. [DN 13]. Judge King conducted a detention hearing on April 21, 2020. [DN 32].

Judge King ordered Glover be detained pending trial. [DN 35]. The Court found Glover presented evidence to rebut the presumption, "but after considering the presumption and the other factors discussed below, detention is warranted." [DN 36 at 2]. Judge King found by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." [*Id.*] He came to that conclusion due to the weight of evidence against Glover, her prior criminal history, the length of incarceration Glover

faces if convicted, and prior violations of probation, parole, or supervised release. [*Id.* at 2-3]. Glover now moves this Court to grant her temporary release.

## II. Legal Standard

Pursuant to 18 U.S.C. §3145(b), "if a person is ordered detained by a magistrate judge…that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "When such a motion is made, the district court uses a *de novo* standard when reviewing the Magistrate Judge's decision." *United States v. Malone*, 2018 U.S. Dist. LEXIS 161827, *7 (W.D. Ky. Sept. 20, 2018). "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

18 U.S.C § 3142(e) states, "[i]f…the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." In making this determination, the judicial officer considers: 1) the nature and circumstance of the offense; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. §3142(g)(1)-(4).

## III. Discussion

Glover's reason for release is the current Covid-19 pandemic and her medical conditions. 18 U.S.C. §3142(i) states: "[t]he judicial officer may…permit the temporary release of the

person…to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." "A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." *United States v. Clark,* No. 19-40068-01-HLT, 2020 WL 1446895, *2 (D. Kan. Mar. 25, 2020).

"Courts have typically granted relief under § 3142(i) only sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (citing *United States v. Hamilton,* No. 19-CR-54-01, 2020 WL 132036, *2 (E.D. N.Y. Mar. 20, 2020). The Court in *United States v. Cordero Carabollo*, 185 F. Supp. 2d 143 (D.P.R. 2002) release the defendant due to his extreme medical needs. *Id.* at 144. Cordero Caraballo suffered from: "(i) partial paraplegia (loss of function of the lower extremities); (ii) left hand loss of function; (iii) huge ulcer at the right low back, with exposure of the pelvis and active infection; (iv) incomplete healing of the previous abdominal surgeries; (v) long healing wounds at the right leg and left thigh; and (vi) healing tracheotomy." *Id.*

### A. *Clark* Factors

In *Clark,* the Court set forth guidelines for Courts to evaluate on a case by case basis. That Court evaluated several factors in making its determination. The Court here will use those same factors. Those factors are:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3. The Sixth Circuit has also adopted these factors. *See United States v. McGowan,* 2020 WL 3867515, at *2 (6th Cir. July 8, 2020).

1. **Original Grounds for Glover's Pretrial Detention**

At the detention hearing, Judge King found:

> "There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed…an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act"

[DN 36.] Judge King also found.

> "While the Defendant rebutted the presumption by offering testimony of a long-time friend of the Defendant that she could provide a stable home, the Court must still consider the presumption when making its final determination. The Defendant's criminal history is extensive, [including] multiple violations of court imposed supervision. While on bond for state felony cocaine trafficking charges committed in 2008, the Defendant committed three misdemeanor theft offenses. While on shock probation for the state drug trafficking offense, the Defendant committed four additional felony drug trafficking offenses. The Defendant allegedly committed the instant federal offense while on parole for the five prior state felony drug convictions. The events leading to the instant federal charges include the Defendant and her codefendant attempting to fly to an unknown destination with a large amount of cash hidden in their luggage, in violation of her state parole. The weight of the evidence is strong, including over 6,000 grams of methamphetamine found in the Defendant's vehicle. The Court finds that the Defendant is a flight risk based on the presumption, the amount of time she is facing for these charges, and her prior attempt to travel in violation of her state parole. The Court finds that she is a danger based on the presumption, her long history of bond, probation and parole violations, and the weight of the evidence.

Glover has not presented any evidence that would change the Court's findings. Glover's stated willingness to wear a monitor while released or be supervised would not secure her. She has committed multiple violations while on release. Therefore, the reasons for Glover's initial detention are still present.

2. **The Specificity of Glover's Stated COVID-19 Concerns**

Glover argues her diagnosis of high blood pressure, obesity, and upper respiratory infections place her at a heightened risk for the Covid-19 virus. Glover does not provide any

4

evidence of her medical conditions. Even if the Court takes Glover's statements as fact, they do not warrant release.

The Centers for Disease Control ("CDC") has stated those with high blood pressure *may* be at an increased risk of severe illness from Covid-19.[1] Those that are obese are at an increased risk of severe illness.[2] "The Bail Reform Act does not authorize pretrial release under generic health conditions that while serious, apply to every detainee in federal custody." *United States v. Prieto,* 2020 WL 3105414, at *5 (W.D. Ky. June 11, 2020) (citing *United States v. Penaloza,* 2020 U.S. Dist. LEXIS 56569, at *4 (D. Md. Mar. 31, 2020)). Here, Glover has stated she suffers from a medical condition that puts her at a greater risk for Covid-19.

> "An apparent consensus among the district courts is that "[t]he mere presence of the [COVID-19] virus, even in the detention setting, does not automatically translate to the release of a person accused." *United States v. Veras*, 3:19-CR-010, 2020 WL 1675975, at *5 (M.D. Pa. Apr. 6, 2020) (citing cases denying motions for release). Furthermore, most courts have been unwilling to release defendants solely based on their status as an "at-risk individual." *See, e.g., United States v. Stevens*, No. 19-350-02, 2020 WL 1888968, at *4 (E.D. Pa. Apr. 16, 2020) (citing *United States v. Morris*, No. 17-107, 2020 WL 1471683, at *2 n.3, 4 (D. Minn. Mar. 26, 2020); *United States v. Martin*, No. 19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020))"

*United States v. Young,* 2020 WL 2092837, at *5 (N.D. Ind. Apr. 30, 2020). Glover's conditions are not enough to warrant release. Further, the Court has been informed that there are no current cases of Covid-19. With no current widespread outbreak in the facility, Glover has not presented compelling reasons for her release.

Glover also states the pandemic has made communication between her and her attorney difficult. However, this is not an individualized issue. Inmates across the country have been forced

---

[1] CDC, People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed February 25, 2021).
[2] *Id.*

to adjust to different forms of communication with their attorneys due to the pandemic. While it is easier to communicate with a client not in custody, release is not necessary to prepare an adequate defense.

### 3. The Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Other COVID-19 Risks to the Defendant

Glover states she would live with a friend, Ms. Gonzales. Ms. Gonzales works from home and Glover's children reside there. There is no indication that Glover would be safer from Covid-19 in the public than she is currently in the McCracken County Jail. Ms. Gonzales resides in Hopkinsville, Kentucky. According to the Kentucky Covid-19 map, Hopkinsville is currently in the "orange" accelerated zone. This is one step away from the county being in critical condition. Therefore, Glover's plan will not mitigate her risks.

### 4. The Likelihood That the Defendant's Proposed Release Would Increase COVID-19 Risks to Others

"A defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Smoot,* 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020). "Given [Glover's] history of non-compliance while on supervision, the Court is not confident that [she] will comply with the proposed conditions so as to protect himself from the pandemic, and [she] may place the public as whole at a higher risk with respect to spread of the virus." *United States v. Rolenc,* 2021 WL 211253, at *8 (D. Minn. Jan. 21, 2021).

### IV. Conclusion

After evaluating the *Clark* factors, this Court finds Glover has not established compelling reasons for release. The reasons Judge King ordered Glover detained still exist and Glover has not provided any evidence that those concerns have materially changed. Therefore, **IT IS HEREBY ORDERED** that Glover's Motion for Temporary Release [DN 45] is **DENIED**.

 **IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 3, 2021

cc: counsel