UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | NO. 5:19-cr-67-BJB |
| ASHLEY T. GLOVER | DEFENDANT |

### MEMORANDUM OPINION & ORDER

Ashley Glover, an incarcerated defendant proceeding pro se, asks this Court to clarify or otherwise modify her 210-month federal sentence such that it runs concurrently with sentences for her various state convictions, which she asserts comprise 60 months of probation. *See* Motion to Run Concurrent Sentencing (DN 74) at 1. With a different judge presiding, this Court sentenced her in September 2021 under a Rule 11(c)(1)(B) plea agreement to 210 months of imprisonment for each of two counts: one for possessing and one for conspiring to possess with intent to distribute methamphetamine. DN 68. The Court ordered the two federal sentences to be served concurrently with one another.

As an initial matter, the record doesn't indicate that Glover is currently subject to any sentence of probation. Her criminal history and related sentencings are complex but don't appear to indicate that she is currently (or was recently) serving a sentence for 60 months' probation. It's possible she's referring to a term of parole revoked by a state-court judge nearly a decade ago: Glover previously received a sentence of five years of shock probation in 2010 in state court for drug trafficking, drug possession, and operating a vehicle with a suspended license. The judge revoked her probation in 2014 and sentenced her to five years in prison. *See* Final Presentence Investigation Report (DN 64) at ¶ 46.[1] Glover also received a 10-year prison sentence for additional drug trafficking offenses in July 2014. *See id.* ¶¶ 46, 52–55. She was paroled for the 2010 and 2014 drug-trafficking convictions on January 17, 2017. *Id.* ¶¶ 46, 52–55.

When Glover committed the federal offenses at issue in this case, she was still on state parole. The federal methamphetamine offenses occurred in July and August of 2019, and this Court sentenced Glover for those convictions on September 8, 2021,

---

[1] Glover apparently committed several offenses while on probation, including drug trafficking, passing bad checks, and shoplifting. *See id.* ¶¶ 47–55.

nearly a full year before her state parole was scheduled to expire. *See* DN 68 at 2; DN 64 at ¶¶ 46, 52–55.

Regardless of the type or duration of her previously imposed state sentences, these wouldn't authorize the Court to modify or clarify her federal sentence at this point. All those state sentences had already been imposed by the time of Glover's federal sentencing in September 2021. And the federal judgment and sentencing hearing said nothing about whether this Court's sentence should run concurrently with or consecutively to those prior state sentences. *See* DNs 68, 80–81. So to the extent Glover asks the Court to *clarify* that the federal and state sentences were meant to run concurrently, there is nothing to clarify; that issue simply wasn't addressed.

And in the absence of such an instruction from the sentencing judge, the default rule is for later federal sentences to run consecutively, not concurrently. "[T]here is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (quoting *Weekes v. Fleming,* 301 F.3d 1175, 1179 (10th Cir. 2002) (citing 18 U.S.C. § 3584(a)). Where "the possibility of a sentence running concurrently was simply never raised before the district court," the Sixth Circuit has held, a federal sentence shall run consecutively to a state sentence. *United States v. Martin*, 371 F. App'x 602, 606 (6th Cir. 2010) (citing 18 U.S.C. § 3584(a)).[2] So as originally imposed, Glover's federal and state sentences run consecutively to one another.

To the extent Glover asks the Court to *modify* rather than clarify her sentence, the Court may not do so now that it's become final. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). A court "may not modify a term of imprisonment once it had been imposed" except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Otherwise, a sentence may only be modified if "expressly permitted by statute[3] or

---

[2] 18 U.S.C. § 3584(a) provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

[3] The Sixth Circuit held in *Zabawa* that "[o]nly two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255." 134 Fed. App'x at 68. Section 2106 specifies that

by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(a)(1)(B).[4] Nothing in the record indicates that any of these routes are available to Glover: she doesn't appear to have exhausted her remedies with the Bureau of Prisons or demonstrated any extraordinary and compelling reasons for modification. *See* § 3582(c)(1). And her motion, submitted without elaboration on a two-page, pre-formatted document, contains no discussion of any legal authority for revising the federal sentence in this manner; it simply requests that the sentences run concurrently. This Court lacks the authority to issue such an order. *See, e.g., Hammond*, 712 F.3d at 335. Glover's federal sentence, therefore, will continue to run consecutively with her state sentence and the Court denies her motion.

---

"[t]he Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review," while § 2255 concerns challenges to the legal or constitutional legitimacy of a sentence. Neither is implicated here.

[4] Federal Rule of Criminal Procedure 35(a) provides that, "[w]ithin 14 days after sentencing," the presiding judge "may correct a sentence that resulted from arithmetical, technical, or other clear error." Section 35(b) provides that the Government may file a motion to reduce a sentence for substantial assistance rendered by a defendant. Neither provision applies here.